Paul J. Monsell, Esq. Village Attorney, Mamaroneck
You request our opinion on who qualifies to file a zoning protest under Village Law § 7-708 (1). The section provides that if owners of certain property protest against a proposed change in zoning regulations, the change may be adopted in villages having more than three members on the board of trustees only if more than a simple majority of the village board of trustees votes in favor of it. The statute describes individuals authorized to sign the protest. There are three categories mentioned:
 "the owners of twenty per centum or more of the area of the land included in such proposed change, or by the owners of twenty per centum or more of the land immediately adjacent extending one hundred feet therefrom, or by the owners of twenty per centum or more of the land directly opposite thereto, extending one hundred feet from the street frontage of such opposite land * * *."*
The statute can be read in several different ways. There is a dearth of judicial interpretation of this and other similar statutes. The only decisions we have found which throw any light upon the legislative intent in such cases are Matter of Smidt v McKee, 262 N.Y. 373 (1933) and Hermanv Village of East Hills, 104 N.Y.S.2d 592 (Sup Ct, Nassau Co., 1951), unanimously affd without opn 279 App. Div. 753 (2d Case, 2d Dept), mot for lv to app to the Ct of App den 279 App. Div. 799 (9th Case, 2d Dept).
There is no problem in interpreting the first of the three categories, which is the owners of twenty per centum or more of the land included in the proposed change. There is some uncertainty as to the second category and, in our opinion, the owners who qualify in the second category are owners of land not included in the proposed change but on the same side of the street or streets as the land in the proposed change, any part of whose land lies within one hundred feet of any part of the land proposed to be changed.
The third category of owners is the group most difficult to determine. That is the group described as owners of twenty per centum or more of the land "directly opposite thereto, extending one hundred feet from the street frontage of such opposite land". The word "thereto" could refer to the land proposed to be changed or to the land proposed to be changed plus all land extending up or down the street for one hundred feet from it.
In our opinion, the third category of owners consists of the owners of any land directly across the street from the land which is proposed to be changed and one hundred feet up the street and down the street from the land which is directly opposite the area proposed to be changed. Insofar as this third category of owners is concerned, the depth of the land from the street is immaterial. It is the ownership of the frontage that gives such an owner a right to protest.
* Similar provisions are found in Town Law § 265, and General City Law § 83. Our opinion is equally applicable to each of these provisions.